EXHIBIT 1

THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

BRITTANY MAY, ERIKA RANCK,
LAUREN TURNER, and STEPHEN
THOMAS, on behalf of themselves and all
others similarly situated,

      Plaintiffs,

      v.

FIVE GUYS ENTERPRISES, LLC,

      Defendant.

Case No.: 1:23-cv-00029

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated December $\underline{6}$, 2023, is made and entered into by and among: (1) Plaintiffs Brittany May, Erika Ranck, Lauren Turner, and Stephen Thomas ("Plaintiffs" or "Representative Plaintiffs"), individually and on behalf of the Settlement Class Members (as defined below); and (2) Defendant Five Guys Enterprises, LLC ("Defendant" or "Five Guys") (collectively, the "Parties").

## I.      BACKGROUND

1.       Five Guys is a brand of hamburger restaurants with 1700 locations worldwide.

2.       On or around September 17, 2022, Five Guys identified a Security Incident (defined below) that involved unauthorized access to files on its file server. Five Guys' investigation of the Security Incident determined that the files contained names and Social Security numbers of current and former employees and likely a small number of dependents or beneficiaries and independent contractors.

3.       After Five Guys provided notice of the Security Incident on or about December 29, 2022, Plaintiff May filed a putative Class Action Complaint on January 9, 2023 in the United States District Court for the Eastern District of Virginia. Plaintiffs Ranck, Turner, and Thomas

subsequently filed putative Class Action Complaints in the Eastern District of Virginia. On July 11, 2023, Plaintiffs filed a Consolidated Class Action Complaint (the "Complaint").

4.      In the Complaint, Plaintiffs assert claims against Five Guys for negligence, breach of implied contract, violation of the Florida Deceptive and Unfair Trade Practices Act, declaratory judgment, negligence *per se*, violation of the Virginia data breach notification law, unjust enrichment, and violation of the California Consumer Privacy Act ("CCPA").

5.      Prior to Five Guys responding to the Complaint the parties agreed to participate in a private mediation. Thereafter, Five Guys requested, and the Court approved, a 60-day extension of the deadline for Five Guys to respond to the Complaint so the parties could explore the possibility of settling the claims of Plaintiffs and the putative class. On June 13, 2023, the parties participated in a full-day mediation facilitated by an experienced JAMS mediator, Judge John W. Thornton (Ret.). After a full day of negotiations, the parties came to an agreement in principle, and later finalized the terms in this Settlement Agreement and the attached exhibits.

6.      Pursuant to the terms set out below, this Settlement Agreement provides for the full and final resolution, discharge and settlement of all claims and causes of action asserted, or that could have been asserted, against Five Guys and the Released Persons (as defined below) arising out of or relating to the Security Incident, by and on behalf of the Representative Plaintiffs and Settlement Class Members (as defined below) and any other such actions by and on behalf of any other persons in the United States relating to the Security Incident. The settlement contemplated by this Settlement Agreement is subject to preliminary and final approval by the Court.

2

## II.    REPRESENTATIVE PLAINTIFFS' CLAIMS AND BENEFITS OF SETTLING

Representative Plaintiffs believe the claims asserted in the Litigation (as defined below), as set forth in the Complaint, have merit. Representative Plaintiffs, and their counsel who are proposed as Class Counsel ("Proposed Class Counsel"), recognize and acknowledge, however, the expense and length of continued proceedings necessary to prosecute the litigation against Five Guys through motion practice, trial, and potential appeals. They have also taken into account the uncertain outcome and risk of further litigation, as well as the difficulties and delays inherent in such litigation. Proposed Class Counsel are experienced in class action litigation and are very knowledgeable regarding the relevant claims, remedies, and issues generally in such litigation and in the privacy issues specific to this litigation. They have determined that the settlement set forth in this Settlement Agreement, which provides compensation for those individuals who are alleged to have suffered the consequences of the Security Incident, is fair, reasonable, and adequate, and in the best interest of Representative Plaintiffs and the Settlement Class.

## III.    DENIAL OF WRONGDOING AND LIABILITY

Five Guys denies all of the material contentions and claims alleged against it in the Litigation, and all charges of wrongdoing or liability as alleged, or which could be alleged, in the Litigation. Five Guys specifically denies that Representative Plaintiffs and the Settlement Class Members are entitled to any relief from Five Guys. Five Guys further asserts that neither the Representative Plaintiffs nor the Settlement Class Members have suffered harm and that the complications of managing a potential trial in this matter among other reasons would preclude class certification in the absence of settlement. Nonetheless, without making any admission of wrongdoing whatsoever, Five Guys has concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in

4894-3863-1312.1

the manner and upon the terms and conditions set forth in this Settlement Agreement. Five Guys

has also considered the uncertainty and risks inherent in any litigation. Five Guys has, therefore,

determined that it is desirable and beneficial that the Litigation be settled in the manner and upon

the terms and conditions set forth in this Settlement Agreement.

## IV.   SETTLEMENT TERMS

**NOW, THEREFORE**, in consideration of the covenants, agreements, and releases set forth

herein and for other good and valuable consideration, it is hereby agreed by and among

Representative Plaintiffs, individually and on behalf of the Settlement Class Members, and Five

Guys that, subject to the approval of the Court, the Litigation be forever resolved, settled,

compromised, and dismissed with prejudice on the following terms and conditions:

1.   **Definitions**

As used in the Settlement Agreement, the following terms have the meanings specified

below:

1.1.   "Agreement" or "Settlement Agreement" means this agreement.

1.2.   "Approved Claims" means Settlement Claims in an amount approved by the Claims

Administrator or found to be valid through the Dispute Resolution process.

1.3.   "California Settlement Class" means all Settlement Class Members who reside in

California. Excluded from the California Settlement Class are: (1) the Judge and Magistrate Judge

presiding over the Litigation, any members of the Judges' respective staffs, and immediate

members of the Judges' respective families; (2) officers, directors, members and shareholders of

Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the

Settlement Class and the successors and assigns of any such excluded persons; and (4) any person

found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing,

4

aiding or abetting the criminal activity or occurrence of the Security Incident or who pleads nolo contendere to any such charge. Defendant represents that the California Settlement Class contains approximately 3,568 individuals.

    1.4.    "California Settlement Class Member(s)" means a Person(s) who falls within the definition of the California Settlement Class.

    1.5.    "Claims Administration" means the processing and payment of claims received from Settlement Class Members by the Claims Administrator.

    1.6.    "Claims Administrator" means Angeion Group, a company experienced in administering class action claims generally and specifically those of the type provided for and made in data breach litigation, subject to approval by the Court.

    1.7.    "Claims Deadline" means the postmark deadline for valid claims pursuant to ¶ 2.9.3, which shall be 90 days after the Class Notice Date.

    1.8.    "Claim Form" means the form that the Settlement Class Members must complete and submit on or before the Claims Deadline in order to be eligible for the benefits described herein. The Claim Form shall require a sworn signature or electronic verification under penalty of perjury but shall not require a notarization. The Claim Form template is attached as **Exhibit A** to this Settlement Agreement.

    1.9.    "Class Notice Date" means thirty (30) days after entry by the Court of the Preliminary Approval Order.

    1.10.    "Costs of Claims Administration" means all actual costs associated with or arising from Claims Administration, including the costs of Notice.

    1.11.    "Court" means the United States District Court for the Eastern District of Virginia.

1.12.   "Dispute Resolution" means the process for resolving disputed Settlement Claims as set forth in this Agreement.

1.13.   "Effective Date" means the first date by which all of the events and conditions specified in ¶ 1.14 and ¶ 9.1 herein have occurred and been met.

1.14.   "Final" means the occurrence of all of the following events: (i) the settlement pursuant to this Settlement Agreement is approved by the Court; (ii) the Court has entered a Judgment (as that term is defined herein); and (iii) the time to appeal or seek permission to appeal from the Judgment has expired or, if appealed, the appeal has been dismissed in its entirety, or the Judgment has been affirmed in its entirety by the court of last resort to which such appeal may be taken, and such dismissal or affirmance has become no longer subject to further appeal or review. Notwithstanding the above, any order modifying or reversing any attorney's fee award or service award made in this case shall not affect whether the Judgment is "Final" as defined herein or any other aspect of the Judgment.

1.15.   "Judgment" means a Final Approval Order and Judgment rendered by the Court and in a form substantially similar to the one attached hereto as **Exhibit E**.

1.16.   "Litigation" means *Brittany May, et al. v. Five Guys Enterprises, LLC*, Case No. 1:23-cv-00029, pending in the United States District Court for the Eastern District of Virginia.

1.17.   "Notice" means the written notice to be sent to or made available to the Settlement Class Members pursuant to the Preliminary Approval Order, including the Short Form Notice and the Long Form Notice.

1.18.   "Notice Program" means the Claim notice program as explained in ¶ 3.2 herein.

6

1.19.   "Objection Date" means the date by which objections to the settlement from Settlement Class Members must be filed with the Clerk of Court in order to be effective and timely and shall be ninety (90) days from the Class Notice Date.

1.20.   "Opt-Out Date" means the date by which requests for exclusion from settlement must be postmarked in order to be effective and timely and shall be ninety (90) days after the Class Notice Date.

1.21.   "Person" means an individual, corporation, partnership, limited partnership, limited liability company or partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and their respective spouses, heirs, predecessors, successors, representatives, or assignees.

1.22.   "Preliminary Approval Order" means the proposed order preliminarily approving the settlement and directing mailed notice to the Settlement Class of the pendency of the Litigation and of the settlement. The Preliminary Approval Order template is attached as **Exhibit D** to this Settlement Agreement.

1.23.   "Plaintiffs' Counsel" and "Proposed Class Counsel" mean Ryan D. Maxey of Maxey Law Firm, P.A.; David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; and M. Anderson Berry of Clayeo C. Arnold, A Professional Corp.

1.24.   "Related Entities" means Five Guys' past or present parent companies, subsidiaries, divisions, related or affiliated individuals and entities, divisions, successors, predecessors (including companies they have acquired, purchased or absorbed), subcontractors, assigns and joint ventures, and each of their respective successors, predecessors, officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment

7

advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds, indemnities, insurers, and reinsurers, past, present, and future, and all persons acting under, by or though, or in concert with any of them, other than any individual who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Security Incident or who pleads nolo contendere to any such charge.

1.25. "Released Claims" shall collectively mean any and all injuries, losses, damages, costs, expenses, compensation, claims, suits, rights, rights of set-off and recoupment, demands, actions, obligations, causes of action, and liabilities of any and every kind, nature, type, description, or character, whether known or unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, and regardless of legal theory, of Representative Plaintiffs or any Settlement Class Member that were or could have been asserted (whether individually or on a class-wide basis) based on, relating to, concerning or arising out of the Security Incident, alleged theft or misuse of Five Guys' customers', employees', or other individuals' PII, or the allegations, facts, or circumstances related to the Security Incident as described in the Litigation including, without limitation, any causes of action for or under: the Virginia Data Breach Notification Law and similar state consumer protection statutes, including that of New York; the California Customer Records Act; the CCPA; the California Unfair Competition Law; the California Consumer Legal Remedies Act; the Confidentiality of Medical Information Act; the New York General Business Law; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; any

8

federal, state or local statutory or regulatory claims, including but not limited to, the consumer protection laws and unfair and deceptive trade practice laws or other common laws or statues of all fifty (50) states, U.S. territories, and the United States; and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorney's fees and litigation costs, expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by Representative Plaintiffs or any Settlement Class Member against any of the Released Persons based on, relating to, concerning or arising out of the Security Incident, alleged theft or misuse of Five Guys' customers', prospective customers', employees', or other individuals' PII or the allegations, facts, or circumstances related to the Security Incident. Released Claims shall include Unknown Claims as defined in ¶ 1.33. Released Claims shall not include the claims of Settlement Class Members who have timely excluded themselves from the Settlement Class. The Released Claims shall be accorded the broadest preclusive scope and effect permitted by law against the Settlement Class Members and this definition of Released Claim is a material term of this Settlement Agreement.

1.26.   "Released Persons" means Five Guys, the Related Entities and each of their past or present parent companies, subsidiaries, divisions, related or affiliated individuals and entities, divisions, successors, predecessors (including companies they have acquired, purchased or absorbed), subcontractors, assigns and joint venturers, and each of their respective successors, predecessors, officers, partners, directors, owners, stockholders, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, benefits administrators, investors, funds,

indemnities, insurers, and reinsurers, past, present, and future, and all persons acting under, by or though, or in concert with any of them.

1.27.   "Representative Plaintiffs" means Plaintiffs Brittany May, Erika Ranck, Lauren Turner, and Stephen Thomas.

1.28.   "Security Incident" means the security incident that Five Guys announced on or around December 29, 2022 and that involved unauthorized access to files on Five Guys' file server that contained the names and Social Security numbers of current and former employees and likely a small number of dependents or beneficiaries and independent contractors.

1.29.   "Settlement Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

1.30.   "Settlement Class" means all individuals to whom Five Guys sent notice of the Security Incident. Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Security Incident or who pleads nolo contendere to any such charge. Defendant represents that the Settlement Class contains approximately 37,922 individuals.

1.31.   "Settlement Class Member(s)" means a Person(s) who falls within the definition of the Settlement Class.

4894-3863-1312.1

1.32.   "Settling Parties" means, collectively, Five Guys and Representative Plaintiffs, individually and on behalf of the Settlement Class.

1.33.   "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including any Representative Plaintiff, does not know or suspect to exist as of the date of the entry of the Preliminary Approval Order that, if known by any of them, might have affected their settlement with, and release of, the Released Persons, or might have affected their decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Representative Plaintiffs expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, waived the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including Representative Plaintiff, and any of them, may hereafter discover facts in addition to, or different from, those that they, and any of them, now know or believe to be true with respect to the subject matter of the Released Claims, but Representative Plaintiffs expressly shall have, and each other Settlement Class Member shall be deemed to have,

and by operation of the Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any and all Released Claims. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

1.34.    "United States" as used in this Settlement Agreement includes the District of Columbia and all territories of the United States.

## 2.  <u>Settlement Benefits</u>

2.1.    <u>Settlement Fund.</u> Within 10 days of an order directing class notice, Defendant will fund a non-reversionary cash settlement fund in the amount of $700,000 for the benefit of Settlement Class Members (the "Settlement Fund"). As set forth below, the Settlement Fund will be used to pay for: (1) reimbursement for Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time; (2) Alternative Cash Payments; (3) California Statutory Payments; (4) Credit Monitoring Services; (5) notice and administration costs; (6) service award payments approved by the Court; and (7) attorneys' fees and expenses awarded by the Court.

2.2.    <u>*Pro Rata* Increase or Decrease of Claims.</u> Claims for Ordinary and/or Extraordinary Out-of-Pocket Losses, Attested Time, California Statutory Payments, and Alternative Cash Payments will be increased or decreased *pro rata* to consume the remaining amount of the Settlement Fund after payment for Credit Monitoring Services, notice and administration costs, service award payments approved by the Court, and attorneys' fees and expenses awarded by the Court. The larger of the Ordinary and/or Extraordinary Out-of-Pocket Losses, including Attested Time, or the Alternative Cash Payments (after any *pro rata* adjustment) will be paid.

12

2.3.    Reimbursement for "Ordinary" Out-of-Pocket Losses and Attested Time. All Settlement Class members may submit a claim for Ordinary Out-of-Pocket Losses and Attested Time up to $400 per individual. The Settlement Fund will be used to pay valid and timely submitted claims for each of the following categories:

2.3.1.  "Ordinary Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Class member in responding to notice of the Security Incident that were incurred between September 17, 2022 and the Claims Deadline, as result of the Security Incident. Ordinary Out-of-Pocket Losses may include, without limitation, the following: (1) costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of- Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs.

2.3.2.  Settlement Class Members who elect to submit a claim for reimbursement of Ordinary Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting their claim; and (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. "Self-prepared" documents, such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

13

2.3.3.   Ordinary Out-of-Pocket Losses will be deemed "fairly traceable" if (1) the timing of the loss occurred on or after September 17, 2022.

2.3.4.   Settlement Class Members with Ordinary Out-of-Pocket Losses may also submit a claim for up to 4 hours of time spent remedying issues related to the Security Incident at a rate of $25 per hour by providing an attestation and a brief description of (1) the actions taken in response to the Security Incident and (2) the time associated with each action.

2.4.   <u>Reimbursement for "Extraordinary" Out-of-Pocket Losses and Attested Time.</u> In addition to submitting a claim for Ordinary Out-of-Pocket Losses, Settlement Class Members who believe they have suffered identity theft, fraud, or other extraordinary losses may submit a claim for Extraordinary Out-of-Pocket Losses and Attested Time up to $6,500 per individual.

2.4.1.   "Extraordinary Out-of-Pocket Losses" are unreimbursed losses, costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Security Incident, and are losses that are not already covered by one or more of the normal reimbursement categories. Extraordinary Out-of-Pocket Losses may include, without limitation, the unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of the Settlement Class Member's personal information.

2.4.2.   Settlement Class Members who elect to submit a claim for reimbursement of Extraordinary Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting their claim; and (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Extraordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that

documents the loss or expense incurred. "Self-prepared" documents such as handwritten receipts are, by themselves, insufficient to receive reimbursement, but can be considered to add clarity or support to other submitted documentation.

2.4.3.   Extraordinary Out-of-Pocket Losses will be deemed "fairly traceable" if (1) the timing of the loss occurred on or after September 17, 2022; and (2) the personal information used to commit identity theft or fraud consisted of the same type of personal information that was provided to Defendant prior to the Security Incident.

2.4.4.   Settlement Class Members with Extraordinary Out-of-Pocket Losses may also submit a claim for up to 3 additional hours of time spent remedying issues related to the Security Incident at a rate of $25 per hour by providing an attestation and a brief description of: (1) the actions taken in response to the Security Incident; and (2) the time associated with each action.

2.5.   Settlement Class Members seeking out-of-pocket expense reimbursement must complete and submit either a written or online Claim Form to the Claims Administrator, postmarked or electronically submitted on or before the Claims Deadline. The Claim Form must be verified by the Settlement Class Member with an attestation that the claimant believes that the losses or expenses claimed were incurred as a result of the Security Incident.

2.6.   Alternative Cash Payment. Settlement Class Members may, in lieu of making a claim for reimbursement of Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time, elect to receive a cash payment in an amount equal to $150 on a claims-made basis.

2.7.   California Statutory Payment. In recognition of their statutory rights under the CCPA, California Settlement Class members may also make a claim for an additional cash

15

payment of $100. This payment is in addition to any payments for Ordinary or Extraordinary Out-of-Pocket Losses and Attested Time, and the Alternative Cash Payment.

2.8.    Credit Monitoring/Identity Theft Protection Services. Settlement Class Members who submit a claim can elect to enroll in two years of identity theft protection and credit monitoring services under the settlement that will include the following features: (1) dark web scanning with user notification if potentially unauthorized use of a Settlement Class Member's personal information is detected; (2) identity theft insurance; (3) real-time credit monitoring with Equifax, Experian, and TransUnion; and (4) access to fraud resolution agents. These services will be made available to all Settlement Class Members who choose to enroll  regardless of whether they submit a claim for Out-of-Pocket Losses and Attested Time under the settlement. A unique redemption code, allowing Settlement Class Members to enroll in these services will be sent to each Settlement Class Member who submits a valid claim for such services within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later.

2.9.    The Claim Form.

2.9.1.   The Claim Form must be verified by the Settlement Class Member with a statement that his or her claim is true and correct to the best of his or her knowledge and belief and is being made under penalty of perjury. Notarization shall not be required. The Settlement Class Member must reasonably attest that the out-of-pocket expenses and charges claimed were both actually incurred and plausibly arose from the Security Incident. Failure to provide supporting attestation and documentation as requested on the Claim Form and required under ¶¶ 2.3 or 2.4 shall result in denial of a claim. Disputes as to claims submitted under this paragraph are to be resolved pursuant to the provisions stated in ¶ 2.11.

16

2.9.2.   Nothing in this Settlement Agreement shall be construed to provide for a double payment for the same loss or injury that was reimbursed or compensated by any other source.

2.9.3.   To be valid, claims must be complete and submitted to the Claims Administrator on or before the Claims Deadline.

2.9.4.   No payment shall be made for emotional distress, personal/bodily injury, or punitive damages, as all such amounts are not recoverable pursuant to the terms of this Settlement Agreement.

2.9.5.   Settlement Class Members who submit a Claim Form must designate the method for payment of their claim on the Claim Form, which will include the receipt of payment via check by mail, or via PayPal, Zelle, Venmo, or such other electronic payment platform deemed efficient and appropriate by the Claims Administrator. Claim Forms failing to clearly make a single designation will receive a check by mail to the last known address on file with the Claims Administrator. In the event an electronic payment platform returns a payment to the Claims Administrator, no later than fourteen (14) days after being notified of the return of such payment, the Claims Administrator will mail a check to the Settlement Class Member's last known address on file with the Claims Administrator.

2.10.   <u>Business Practice Commitments.</u> For a period of 3 years following the execution of a formal settlement agreement, Defendant commits to pay for, implement and continue the following business practices:

(1)   Five Guys will maintain endpoint protection for all servers. Currently, Five Guys is utilizing Sophos XDR/MTR;

(2)   Five Guys will maintain the practice of using Sophos email and content filtering or a similar product for this practice;

(3)   Five Guys will maintain the implemented practice of increased alerting level in the SIEM;

(4)   Five Guys will maintain protocols to monitor endpoints for suspicious activity and to remove such from environment when detected;

(5)   For applications that can support this, Five Guys will maintain its implementation of CyberArk access and identity management (AIM) with adaptive SSO and adaptive MFA;

(6)   Five Guys will continue to have annual security awareness training for all users;

(7)   Five Guys will maintain its Enterprise-wide conversion to Egnyte hosted file management solution with file monitoring and active compliance scanning, or use a file management solution of a comparable nature.

Nothing in this provision prohibits Five Guys from changing vendors for the identified business practices so long as a comparable product/service is maintained. Defendant also agrees to provide a declaration detailing any business practice changes implemented following the Security Incident. Defendant agrees to stipulate to a reasonable minimum value of the expenses Defendant actually incurred in implementing the measures in this ¶ 2.10, to be no less than 50% of the expenses Defendant actually incurred in implementing the measures in this ¶ 2.10.

2.11.   <u>Dispute Resolution for Claims.</u>

2.11.1. The Claims Administrator will determine whether: (1) the claimant is a Settlement Class Member or California Settlement Class Member based on information to be

18

provided to the Claims Administrator by Defendant's counsel; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation that may be necessary to support the claimant's class membership and the expenses described in ¶¶ 2.3 and 2.4; and (3) the information submitted could lead a reasonable person to conclude that more likely than not the claimant has suffered the claimed losses as a result of the Security Incident (collectively, "Facially Valid"). The Claims Administrator may, at any time, request from the claimant, in writing, additional information ("Claim Supplementation") as the Claims Administrator may reasonably require in order to evaluate the claim, *e.g.*, documentation requested on the Claim Form, information regarding the claimed losses, available insurance and the status of any claims made for insurance benefits, and claims previously made for identity theft and the resolution thereof.

      2.11.2. Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Claims Administrator shall request additional information ("Claim Supplementation") and give the claimant thirty (30) days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes later. In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request and, for good cause shown (illness, military service, out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than six months from the Effective Date. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

2.11.3. Following receipt of additional information requested as Claim Supplementation, the Claims Administrator shall have thirty (30) days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Claims Administrator determines that such a claim is Facially Valid, then the claim shall be paid. If the claim is not Facially Valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Claims Administrator shall reject the claim without any further action.

2.11.4. Settlement Class Members shall have thirty (30) days from receipt of the offer to accept or reject any offer of partial payment received from the Claims Administrator. If a Settlement Class Member rejects an offer from the Claims Administrator, the Claims Administrator shall have fifteen (15) days to reconsider its initial adjustment amount and make a final determination.

2.11.5. The Claims Administrator shall provide the Settling Parties' counsel with a summary of Facially Valid Claims on a monthly basis, stating the types of claims, the total approved claim amounts by claim type, and a description of the support provided for claims for reimbursement for Ordinary and/or Extraordinary Out-of-Pocket Losses. Within fifteen (15) days after receiving such summary, one or more of the Settling Parties may object to any claim and instruct the Claims Administrator to withhold approval of said Facially Valid Claim so that the objecting party may seek review of said claim by a third-party Settlement Referee agreed upon by the Parties or appointed by the Court if no such agreement is reached.

2.12.   Settlement Class Certification. The Settling Parties agree, for purposes of this settlement only, to the certification of the Settlement Class and the California Settlement Class. If the settlement set forth in this Settlement Agreement is not approved by the Court, or if the

Settlement Agreement is terminated or cancelled pursuant to the terms of this Settlement Agreement, this Settlement Agreement, and the certification of the Settlement Class and California Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class and California Settlement Class had never been certified, without prejudice to any Person's or Settling Party's position on the issue of class certification or any other issue. The Settling Parties' agreement to the certification of the Settlement Class and California Settlement Class is also without prejudice to any position asserted by the Settling Parties in any other proceeding, case or action, as to which all of their rights are specifically preserved.

2.13.    Confidentiality of Information Submitted by Settlement Class Members. Information submitted by Settlement Class Members pursuant to this Settlement Agreement shall be deemed confidential and protected as such by Five Guys and the Claims Administrator.

**3. Order of Preliminary Approval and Publishing of Notice of Final Fairness Hearing**

3.1.    As soon as practicable after the execution of the Settlement Agreement, Proposed Class Counsel shall submit this Settlement Agreement to the Court as part of an unopposed motion for preliminary approval of the Settlement Agreement. The motion for preliminary approval shall request entry of a Preliminary Approval Order in the form attached hereto as **Exhibit D** or an order substantially similar, requesting, *inter alia*:

a)      conditional certification of the Settlement Class and California Settlement Class for settlement purposes only pursuant to ¶ 2.12;

b)      preliminary approval of this Settlement Agreement as set forth herein;

c)      the scheduling of a Final Fairness Hearing and briefing schedule for a Motion For Final Approval and for a Motion for Attorneys' Fees and Expenses and Service Awards;

d)      appointment of Proposed Class Counsel as Class Counsel;

e)      appointment of Representative Plaintiffs as Class Representatives;

21

f)    approval of a customary form of short notice to be mailed or emailed to Settlement Class Members ("Short Form Notice") in a form substantially similar to the one attached hereto as **Exhibit B** and a customary long form notice ("Long Form Notice") in a form substantially similar to the one attached hereto as **Exhibit C**, which together shall include a fair summary of the Parties' respective litigation positions, the general terms of the settlement set forth in this Settlement Agreement, instructions for how to object to or opt-out of the settlement, the process and instructions for making claims to the extent contemplated herein, and the date, time and place of the Final Fairness Hearing;

g)    appointment of a Claims Administrator; and

h)    approval of a Claim Form substantially similar to that attached hereto as **Exhibit A**.

The Notice and Claim Form shall be reviewed by the Claims Administrator and may be revised as agreed upon by the Settling Parties prior to such submission to the Court for approval.

3.2.    The Notice Program. Within 7 days of an order directing class notice, Defendant will provide to the Claims Administrator a class list that includes Settlement Class Members' full names and last known addresses as reflected in Five Guys' records. Notice shall be provided to Settlement Class Members in accordance with the Notice Program set forth below at ¶¶ 3.2.1 – 3.2.4. The Notice Program shall be subject to approval by the Court as meeting constitutional due process requirements. Prior to the Final Fairness Hearing, Proposed Class Counsel and/or Five Guys' counsel shall cause to be filed with the Court an appropriate affidavit or declaration with respect to complying with the Notice Program.

3.2.1. *Short Form Notice.* On or before the Class Notice Date, the Claims Administrator shall mail the Short Form Notice, substantially in the form of **Exhibit B** hereto. The Settlement Administrator shall mail a copy of the Short Form Notice via United States Postal Services ("USPS") first class mail to all Settlement Class Members for whom Five Guys can ascertain a mailing address from its records with reasonable effort. For Settlement Class Members for whom Five Guys is not able to ascertain a mailing address from its records with reasonable

22

effort, the Settlement Administrator shall use reasonable efforts to identify a mailing address and mail a copy of the Short Form Notice to such address. For any Short Form Notices that are returned undeliverable, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses and resend the Short Form Notice to the extent updated addresses are identified. The Settlement Administrator need make only one attempt to resend any Short Form Notices that are returned as undeliverable.

3.2.2. *Long Form Notice*. On or before the Class Notice Date, the Settlement Administrator shall post the Long Form Notice on the settlement website in the form agreed to by the Parties and approved by the Court.

3.2.3. *Settlement Website*. As soon as practicable following entry of the Preliminary Approval Order, but prior to the Class Notice Date, the Claims Administrator shall establish a dedicated settlement website and shall maintain and update the website throughout the Claims Period, and shall post on the website the Long Form Notice and Claim Form approved by the Court, as well as this Settlement Agreement, the Motion for Final Approval of Class Action Settlement, the Motion for Attorneys' Fees and Expenses and Service Awards, the Preliminary Approval Order, and the Final Approval Order and Judgment. The URL of the settlement website shall be agreed upon by Class Counsel and Defendant. The settlement website shall remain operational until at least five (5) business days after the last payment or credit under this settlement is terminated.

3.2.4. *Toll-Free Help Line*. From the Class Notice Date and thereafter until at least five (5) Business Days after the last payment under this settlement is made or the settlement is terminated, the Claims Administrator shall establish and maintain a toll-free help line for Settlement Class Members to call with settlement-related inquiries, with the option to leave a

23

message and request a call back, with such calls being returned within twenty-four (24) hours, and answering the questions of Settlement Class Members, to the extent possible, who call with or otherwise communicate such inquiries. The Claims Administrator also will provide copies of the forms of the Long Form Notice and Claim Form approved by the Court, as well as this Settlement Agreement, upon request.

      3.3.    The Long Form Notice, Short Form Notice and Claim Form approved by the Court may be adjusted by the Claims Administrator in consultation and agreement with the Settling Parties as may be reasonable and not inconsistent with such approval.

      3.4.    Within ten (10) days of the filing of the Motion for Preliminary Approval, Five Guys shall provide notice to state Attorneys General or others as required by 28 U.S.C. § 1715(b).

      3.5.    The Notice Program shall commence by the Class Notice Date and shall be completed within sixty (60) days after entry of the Preliminary Approval Order.

      3.6.    Proposed Class Counsel and Five Guys' counsel shall request that after notice is completed, the Court hold a hearing (the "Final Fairness Hearing") and grant final approval of the settlement set forth herein.

**4.  Opt-Out Procedures**

      4.1.    Each Person wishing to exclude themselves from the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Claims Administrator. Persons wishing to opt out of the Settlement Class will only be able to submit an opt-out request on their own behalf; mass or class opt-outs will not be permitted. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked by the Opt-Out Date. All opt-out requests sent to anyone other than the Claims Administrator, including requests previously

sent to Proposed Class Counsel and/or Five Guys' counsel, are ineffectual and shall be deemed null and void.

4.2.     All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class, as set forth in ¶ 4.1 above, referred to herein as "Opt-Outs," shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class in the manner set forth in ¶ 4.1 above shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

4.3.     Within seven (7) days after the Opt-Out Date, the Claims Administrator shall furnish to Proposed Class Counsel and Five Guys' counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List"). No later than 10 days prior to the Final Fairness Hearing, Class Counsel shall file this Opt-Out List with the Court for purposes of being attached to the Judgment to be entered upon final approval.

4.4.     In the event that there have been more Opt-Outs (persons who wish to be excluded) than listed in a separate letter agreement (to be shared with the Court under seal, if requested), Five Guys may, by notifying Proposed Class Counsel in writing within fourteen (14) days of receiving the Opt-Out List from the Settlement Administrator, void this Settlement Agreement. If Five Guys voids this Settlement Agreement pursuant to this paragraph, Five Guys shall be obligated to pay all settlement costs and expenses related to notice and administration that were already incurred, excluding any attorneys' fees and litigation costs of Proposed Class Counsel and any service awards. In all other respects, the parties will return to their respective positions and will retain all rights, claims, and defenses that they would have had if the Settlement Agreement had never been executed.

25

5.  **Objection Procedures**

5.1.    Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the name or caption of this Litigation; (ii) the objector's full name, address, telephone number, and e-mail address (if any); (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class; (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of all counsel representing the objector; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; (vii) a statement identifying all class action settlements objected to by the objector in the previous 5 years; and (viii) the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation), if any. To be timely, written notice of an objection in the appropriate form must be: (a) electronically filed by the Objection Date; or (b) mailed first-class postage prepaid to the Clerk of Court for the United States District Court for the Eastern District of Virginia and postmarked by no later than the Objection Date.  Objections must also be served concurrently with their filing or mailing upon Proposed Class Counsel and counsel for Five Guys either via the Court's electronic filing system (if filed electronically) or via U.S. mail (if mailed to the Clerk of Court) at the addresses set forth below for Proposed Class Counsel and Five Guys counsel in the signature blocks at the end of this Agreement.

5.2.    Any Settlement Class Member who fails to comply with the requirements for objecting in ¶ 5.1 shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement

Agreement and by all proceedings, orders and judgments in the Litigation. The exclusive means for any challenge to the Settlement Agreement shall be through the provisions of ¶ 5.1. Without limiting the foregoing, any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

5.3. The Parties will have the same right to seek discovery from any objecting Settlement Class Member as they would if the objector was a party in the Litigation, including the right to take the objector's deposition. Such discovery will be conducted on an expedited basis, and the objecting Settlement Class Member is required to respond to any written discovery within fourteen (14) days and must appear for deposition within fourteen (14) days after a deposition is noticed.

## 6. __Release__

6.1. Upon the Effective Date, each Settlement Class Member, including Representative Plaintiffs, shall be deemed to have, and by operation of the Judgment shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged Five Guys, the Related Entities and the Released Persons from all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each  Settlement Class Member, including Representative Plaintiffs, shall, either directly, indirectly, representatively, on their own behalf or on behalf of any class or other person or entity, as a member of or on behalf of the general public or in any capacity, be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action, regulatory action, arbitration, or court or other proceeding in this or any other forum (other than participation in the settlement as provided herein) in which any Released Claim is asserted.

27

7. **Proposed Class Counsel's Attorneys' Fees and Expenses; Service Awards to Representative Plaintiffs**

7.1.    The Settling Parties did not discuss the payment of attorneys' fees and litigation expenses and/or a service awards to Representative Plaintiffs, as provided for in ¶¶ 7.2 and 7.3, until after the substantive terms of the settlement had been agreed upon, other than that the Settlement Fund would be used to pay reasonable attorneys' fees and litigation expenses and service awards to Representative Plaintiffs as may be agreed to by Five Guys and Proposed Class Counsel and/or as ordered by the Court, or, in the event of no agreement, then as ordered by the Court. Five Guys and Proposed Class Counsel have agreed to the following:

7.2.    Defendant agrees not to oppose an application by Plaintiffs' counsel for an award of attorneys' fees not to exceed 33% of the Settlement Fund and litigation costs and expenses in an amount not to exceed $20,000.00, subject to Court approval. The Settlement Administrator shall, from the Settlement Fund, pay the attorneys' fee and expenses award approved by the Court up to the agreed maximum.

7.3.    The Representative Plaintiffs shall seek and the Settlement Administrator shall, from the Settlement Fund, pay service awards to each of Representative Plaintiffs not to exceed Two Thousand Five Hundred Dollars ($2,500.00), subject to Court approval. This service awards shall be separate and apart from any other sums agreed under this Settlement Agreement and the request for service awards is not a condition to the Representative Plaintiffs' approval of this settlement.

7.4.    The Settlement Administrator shall, from the Settlement Fund, pay the Court-approved amount of attorneys' fees and expenses to Proposed Class Counsel and the Court-approved service awards to Representative Plaintiffs within ten (10) days after the Effective Date. Proposed Class Counsel shall provide payment instructions and completed W-9 Forms prior to the

deadline for these payments and the Settlement Administrator shall issue IRS Forms 1099-MISC to Representative Plaintiffs solely for the amount awarded by the Court for the Representative Plaintiffs' service awards. Neither Class Counsel nor counsel for Five Guys intend anything contained herein to constitute legal advice concerning the tax consequences of any amount paid hereunder nor shall it be relied on as such.

7.5.    If this Settlement Agreement is terminated or otherwise does not become Final (*e.g.*, disapproval by the Court or any appellate court), Five Guys shall have no obligation to pay attorneys' fees and litigation costs or expenses or service awards and shall only be required to pay costs and expenses related to notice and administration that were already incurred. Under no circumstances will Proposed Class Counsel or any Settlement Class Member be liable for any costs or expenses related to notice or administration.

7.6.    The amount(s) of any award of attorneys' fees and expenses and the service awards are intended to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement. No order of the Court, or modification or reversal or appeal of any order of the Court, concerning the amount(s) of any attorneys' fees and expenses and/or any service awards ordered by the Court to Proposed Class Counsel or Representative Plaintiffs shall affect whether the Judgment is Final or constitute grounds for cancellation or termination of this Settlement Agreement.

8.  **Administration of Claims**

8.1.    The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members under ¶ 2. Proposed Class Counsel and Five Guys shall be given reports as to both claims and distribution and have the right to review and obtain supporting documentation and challenge any such claim if they believe it to be inaccurate or inadequate. The Claims

29

Administrator's final determination of the validity or invalidity of any claims shall be binding, subject to the dispute resolution process set forth in ¶ 2.11.

8.2.     Payments for approved claims shall be sent to the claimants within sixty (60) days of the Effective Date, or within thirty (30) days of the date that the claim is approved, whichever is later. No approved claims shall be paid until after the Effective Date. If this Settlement Agreement is terminated or otherwise does not become Final (*e.g.*, disapproval by the Court or any appellate court) prior to the payment of approved claims, Five Guys shall have no obligation to pay such claims and shall only be required to pay costs and expenses related to notice and administration that were already incurred.

8.3.     All Settlement Class Members who fail to timely submit a claim for any benefits hereunder within the time frames set forth herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Judgment.

8.4.     No Person shall have any claim against the Claims Administrator, Five Guys, Proposed Class Counsel, Plaintiffs, and/or Five Guys' counsel based on distribution of benefits to Settlement Class Members.

8.5.     The Parties, Class Counsel, and Five Guys' Counsel shall not have any liability whatsoever with respect to (i) any act, omission or determination of the Claims Administrator, or any of its respective designees or agents, in connection with the Claims Administration or otherwise; or (ii) the determination, rejection, administration, calculation or payment of any Claims.

4894-3863-1312.1

9.  **Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

9.1.    The Effective Date of the settlement shall be conditioned on the occurrence of all of the following events:

a)    the Court has entered the Preliminary Approval Order, as required by ¶ 3.1;

b)    Five Guys has not exercised its option to terminate the Settlement Agreement pursuant to ¶ 4.4;

c)    the Court has entered the Judgment granting final approval to the settlement as set forth herein; and

d)    the Judgment has become Final, as defined in ¶ 1.14.

9.2.    If all of the conditions specified in ¶ 9.1 hereof are not satisfied, the Settlement Agreement shall be canceled and terminated subject to ¶ 9.3 unless Proposed Class Counsel and Five Guys' counsel mutually agree in writing to proceed with the Settlement Agreement.

9.3.    In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (i) the Settling Parties shall be restored to their respective positions in the Litigation as if the Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue) and shall jointly request that all scheduled litigation deadlines, including the deadline for Five Guys to respond to the Complaint, be reasonably extended by the Court so as to avoid prejudice to any Settling Party, and (b) the terms and provisions of the Settlement Agreement shall be void and have no further force and effect with respect to the Settling Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*. Notwithstanding any statement in this Settlement Agreement to the contrary, including but not limited to ¶ 9.4, no order of the

31

Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees and litigation costs or expenses and/or the service awards shall constitute grounds for cancellation or termination of the Settlement Agreement. Further, notwithstanding any statement in this Settlement Agreement to the contrary, Five Guys shall be obligated to pay amounts already billed or incurred for costs of Notice and Claims Administration and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

9.4.   This Settlement Agreement may be terminated and/or cancelled by any of the Parties if (i) the Court rejects, materially modifies, materially amends, or changes, or declines to preliminarily approve or finally approve the Settlement Agreement apart from the award of attorneys' fees and expenses; (ii) an appellate court reverses the Preliminary Approval Order and/or Judgment, and the Settlement Agreement is not reinstated and finally approved without material change by the Court on remand; or (iii) the Court or any reviewing appellate court incorporates material terms or provisions into, or deletes or strikes material terms or provisions from, or materially modifies, amends, or changes, the proposed Preliminary Approval Order, the Preliminary Approval Order, the proposed Judgment, the Judgment, or the Settlement Agreement, other than the amount of attorneys' fees and expenses.

**10. <u>Non-Disparagement</u>**

10.1.   Representative Plaintiffs shall not make, publish, or state, or cause to be made, published, or stated, any defamatory or disparaging statement, writing or communication pertaining to Five Guys, or its directors, officers, and employees, and/or affiliates, and Related Entities.

4894-3863-1312.1

## 11. Miscellaneous Provisions

11.1.    The Settling Parties: (i) acknowledge that it is their intent to consummate this agreement; (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement; (iii) and agree to exercise their commercially reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement.

11.2.    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties each agree that the settlement was negotiated in good faith by the Settling Parties, that it reflects a settlement that was reached voluntarily after consultation with competent legal counsel, and that for the purpose of construing or interpreting this Agreement, the Settling Parties agree that this Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party. The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis. It is agreed that neither Party shall have any liability to one another as it relates to the Litigation, except as set forth herein.

11.3.    Neither the Settlement Agreement, nor the settlement terms contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of any of the Released Persons; or (ii) is or may be deemed to be or may be used as an admission of, or evidence

33

of, any fault or omission of any of the Released Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. If this Agreement does not become effective or is cancelled, withdrawn, or terminated for any reason, the Agreement along with all related communications and documents exchanged in connection with the Agreement and mediation between the Parties shall be deemed a negotiation for settlement purposes only under Federal Rule of Procedure 408 and will not be admissible in evidence or usable for any purposes whatsoever in the Litigation or any proceedings between the Parties or in any other action related to the Released Claims or otherwise involving the Parties or any Released Person. Any of the Released Persons may file the Settlement Agreement and/or the Judgment in any action that may be brought against them or any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11.4.    The terms of this Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest and approved by the Court; it is provided, however, that after enter of the Preliminary Approval order, the Parties may by written agreement, effect such amendments or modifications of this Agreement and its implementing documents (including all exhibits hereto) without further notice to the Settlement Class or approval by the Court if such changes are consistent with the Court's Preliminary Approval Order and do not materially alter, reduce, or limit the rights of Settlement Class Members under this Agreement.

11.5.    The Settlement Agreement, together with the Exhibits attached hereto, constitutes the entire agreement among the Parties hereto, and no representations, warranties or inducements

have been made to any Party concerning the Settlement Agreement other than the representations, warranties and covenants contained and memorialized in such document. Except as otherwise provided herein, each party shall bear its own costs. This agreement supersedes all previous agreements made between Plaintiffs and Five Guys.

11.6.    Proposed Class Counsel, on behalf of the Settlement Class, is expressly authorized by Representative Plaintiffs to take all appropriate actions required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms, and also are expressly authorized to enter into any modifications or amendments to the Settlement Agreement on behalf of the Settlement Class which they deem appropriate in order to carry out the spirit of this Settlement Agreement and to ensure fairness to the Settlement Class.

11.7.    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the release contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

11.8.    If any of the dates or deadlines specified herein falls on a weekend or legal holiday, the applicable date or deadline shall fall on the next business day. All reference to "days" in this Agreement shall refer to calendar days unless otherwise specified.

11.9.    Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties, through their respective counsel, shall consult with each other in good faith prior to seeking Court intervention.

11.10.  Each counsel or other Person executing the Settlement Agreement on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

11.11.  The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court.

11.12.  The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

11.13.  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Settlement Agreement, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

11.14.  The Settlement Agreement shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the state of Virginia, and the rights and obligations of the parties to the Settlement Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the state of Virginia.

11.15.  The Final Fairness Hearing shall be scheduled no earlier than: (i) 100 days after the notices are made in order to comply with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(d); or (ii) 60 days after the Claims Deadline, whichever is later.

11.16.  As used herein, "he" means "he, she, or it;" "his" means "his, hers, or its," and "him" means "him, her, or it.''

11.17.  All dollar amounts are in United States dollars (USD).

11.18.  Cashing a settlement check (whether paper or electronic) is a condition precedent to any Settlement Class Member's right to receive settlement benefits. All settlement checks and

4894-3863-1312.1

electronic payments shall be void sixty (60) days after issuance and the checks or emails containing the links to the electronic payments shall bear the language: "This check[/payment] must be cashed[/accepted] within 60 days, after which time it is void." If a check or electronic payment becomes void, the Settlement Class Member shall have until six months after the Effective Date to request re-issuance. If no request for re-issuance is made within this period, the Settlement Class Member will have failed to meet a condition precedent to recovery of settlement benefits, the Settlement Class Member's right to receive monetary relief shall be extinguished. The same provisions shall apply to any re-issued check or electronic payment. For any checks or electronic payments that are issued or re-issued for any reason more than one hundred eighty (180) days from the Effective Date, requests for re-issuance need not be honored after such checks or electronic payments become void.

11.19.  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

**IN WITNESS WHEREOF**, the parties hereto have caused the Settlement Agreement to be executed, by their duly authorized attorneys.

<u>**AGREED TO BY:**</u>

By: _____
RYAN D. MAXEY
**MAXEY LAW FIRM, P.  A.**
107 N. 11th St.  #402
Tampa, Florida 33602
(813) 448-1125
ryan@maxeyfirm.com
*Attorneys for Plaintiff May and Proposed*
*Class Counsel*

By: _____
ELIZABETH A. SCULLY
**BAKER & HOSTETLER LLP**
1050 Connecticut Ave., N.W., Suite 1100
Washington, D.C. 20036
(202) 861-1698
escully@bakerlaw.com
*Attorneys for Defendant*

4894-3863-1312.1

By: _David K Lietz_
DAVID K. LIETZ
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Ave., NW, Suite 440
Washington, D.C. 20015
Phone: 866.252.0878
dlietz@milberg.com
*Attorneys for Plaintiff Ranck and Proposed*
*Class Counsel*


By: _____

M. ANDERSON BERRY
**CLAYEO C. ARNOLD,**
**A PROFESSIONAL CORP.**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
aberry@justice4you.com
*Attorneys for Plaintiff Turner and Proposed*
*Class Counsel*

By: _Laura Van Note_
     ID qyZ67wob2bZDPa7iUfGin4M6
LAURA VAN NOTE
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: lvn@colevannote.com
*Attorneys for Plaintiff Thomas*


29982v2

38

4894-3863-1312.1

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **qyZ57wob2bZDPa7iUfGin4M6** |
| Signed by: | Laura Van Note |
| Sent to email: | lvn@colevannote.com |
| IP Address: | 50.213.44.97 |
| Signed at: | Dec 5 2023, 12:17 pm PST |

# EXHIBIT A

# FIVE GUYS ENTERPRISES, LLC
# SETTLEMENT CLAIM FORM

You should fill out this Claim Form online or submit it by mail if you received a Notice of Security Incident from Five Guys Enterprises, LLC ("Five Guys") on or around December 29, 2022.

You may receive a payment if you properly and timely complete this Claim Form, the settlement is approved, and you are found to be eligible for a payment.

Please refer to the Settlement Notice posted on the settlement website, www._____.com, for more information. You can submit your claim for a settlement award in two ways:

1. Online at www._____.com by following instructions on the "Submit a Claim" page; or

2. By mail to the Claims Administrator at this address: [INSERT CLAIMS ADMINISTRATOR ADDRESS].

Only one Settlement Claim may be submitted per Settlement Class Member. Your claim must be submitted online or postmarked by _____, 2024 to be considered for payment.


## 1.    CLASS MEMBER INFORMATION (REQUIRED)

Please provide the Notice ID and Confirmation Code that the Claims Administrator provided to you in the postcard or email notifying you of the settlement. If you do not have this information but believe you may be a class member, please contact the Claims Administrator at 1-###-###-####.

Notice ID: _____  Confirmation Code: _____

Please provide us your information so we may contact you:

Name (First, MI, Last): _____

Address:_____

City: _____  State: _____  Zip Code: _____

Phone: _____  E-mail (if any): _____


## 2.    PAYMENT ELIGIBILITY INFORMATION (REQUIRED)

For more information about this section of the Claim Form and the types of awards available and the rules for receiving an award, please review the Notice and the Settlement Agreement (available

at [INSERT WEBSITE]). Cash benefit payments are subject to a pro rata (proportional) adjustment depending upon the number of valid claims filed.

A. Settlement Class Members may receive an Alternative Cash Payment of **$150.00** if they do <u>not</u> claim an Ordinary or Extraordinary Out-of-Pocket Losses Award or an Attested Time Award. If you are a Settlement Class Member and you are claiming this award, check this box:

❑ **$150** Cash Payment (do not check this box if you checked any of the boxes below for reimbursement awards or attested time) (complete Sections 4 and 5)

B. California Settlement Class Members may **<u>also</u>** receive a **$100.00** California Statutory Payment. If you are a California resident and are claiming this award, check this box:

❑ **$100** California Statutory Payment (complete section 4 and 5)

C. Settlement Class Members who incurred Ordinary Out-of-Pocket Losses fairly traceable to the Security Incident may claim a Reimbursement Award and also an Attested Time Award (at $25 per hour for up to 4 hours of time spent remedying issues related to the Security Incident) for a total of up to **$400.00**. Which award(s) are you claiming (check all that apply)?

❑ Ordinary Out-of-Pocket Losses Reimbursement Award (complete Sections 3.A, 4 and 5)
❑ Attested Time Award (complete Sections 3.A, 4 and 5)

D. Additionally, Settlement Class Members who incurred Extraordinary Out-of-Pocket Losses fairly traceable to the Security Incident may claim a Reimbursement Award and also an Attested Time Award (at $25 per hour for up to an additional 3 hours of time spent remedying issues related to the Security Incident) for a total of up to $6,500.00. Which award(s) are you claiming (check all that apply)?

❑ Extraordinary Out-of-Pocket Losses Reimbursement Award (complete Sections 3.B, 4, and 5)
❑ Attested Time Award (complete Sections 3.B, 4 and 5)

E. Additionally, all Settlement Class Members are eligible to enroll in two (2) years of free Identity Theft Protection and Credit Monitoring Services, which include dark web scanning, identity theft insurance, real-time credit monitoring, and access to fraud resolution agents. If you wish to enroll in free Identity Theft Protection and Credit Monitoring Services, check this box:

❑ Two (2) Years of Free Identity Theft Protection and Credit Monitoring Services

3.    **ADDITIONAL INFORMATION REQUIRED ONLY FROM SETTLEMENT CLASS MEMBERS SEEKING REIMBURSEMENT FOR OUT-OF-POCKET LOSSES AND ATTESTED TIME.**

Check the box for each category of out-of-pocket losses or lost time that you incurred as a result of the Security Incident.  Please be sure to fill in the total amount you are claiming for each category and attach the required documentation as described in **bold type** (if you are asked to provide account statements as part of required proof for any part of your claim, you may redact unrelated transactions and all but the last four digits of any account number). Please round total amounts down or up to the nearest dollar.

A.    **"Ordinary" Out-of-Pocket Losses and Attested Time**

If you incurred "Ordinary Out-of-Pocket Losses" that are fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident, you may be entitled to compensation for these losses and this time. "Ordinary Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Settlement Class Member in responding to notice of the Security Incident that were incurred on or after September 17, 2022, as result of the Security Incident. Ordinary Out-of-Pocket Losses may include, without limitation the following: (1) costs incurred on or after September 17, 2022 associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of- Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs that were incurred on or after September 17, 2022. Check all boxes that apply:

❑   Costs incurred on or after September 17, 2022, associated with accessing or freezing/unfreezing credit reports with any credit reporting agency.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|      |             |        |
|      |             |        |

**[UPLOAD DOCUMENTS] Required: Attach a copy of receipts, bank statements, credit card statements, or other proof that you had to pay these fees (you may redact unrelated transactions and all but the last four digits of any account number).**

❑   Other miscellaneous expenses incurred related to any Ordinary Out-of- Pocket Losses such as notary, fax, postage, copying, mileage, and long-distance telephone charges incurred on or after September 17, 2022.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|

| | | |
|---|---|---|
| | | |

**[UPLOAD DOCUMENTS] Required: Attach a copy of receipts, bank statements, credit card statements, or other proof that you had to pay these fees (you may redact unrelated transactions and all but the last four digits of any account number).**

❑ Credit monitoring or other mitigative costs that were incurred on or after September 17, 2022.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| | | |
| | | |

**[UPLOAD DOCUMENTS] Required: Attach a copy of receipts, bank statements, credit card statements, or other proof that you had to pay these fees (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

❑ Other unreimbursed costs or expenditures incurred in responding to notice of the Security Incident that were incurred on or after September 17, 2022.

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| | | |
| | | |

**[UPLOAD DOCUMENTS] Required: Attach a copy of receipts, bank statements, credit card statements, or other proof that you had to pay these fees (you may redact unrelated transactions and all but the last four digits of any account number).**

❑ If you are claiming Ordinary Out-of-Pocket Losses and you spent between one (1) and four (4) hours of time remedying issues related to the Security Incident on or after September 17, 2022, you may claim reimbursement for Attested Time (round down to the nearest hour and check only one box).

4

❑ 1 Hour      ❑ 2 Hours      ❑ 3 Hours      ❑ 4 Hours

Please provide a brief description of (1) the actions you took in response to the Security Incident; and (2) the time associated with each action:

_____

_____

_____

_____.

**Attestation (You must check the box below to obtain compensation for lost time):**

❑ I attest under penalty of perjury that I spent the number of hours claimed above making reasonable efforts to deal with the Security Incident.

## B.  "Extraordinary" Out-of-Pocket Losses and Attested Time

If you incurred "Extraordinary Out-of-Pocket Losses" that are fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident, you may be entitled to compensation for these losses and this time. "Extraordinary Out-of-Pocket Losses" are unreimbursed costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Security Incident, and are losses that are not already covered by one or more of the normal reimbursement categories. Extraordinary Out-of-Pocket Losses may include, without limitation, the unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of the Settlement Class Member's personal information.

❑ Unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of the Settlement Class member's personal information.

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
|      |             |        |
|      |             |        |

**[UPLOAD DOCUMENTS] Required: A copy of a bank or credit card statement or other proof of claimed fees or charges (you may redact unrelated transactions and all but the first four and last four digits of any account number)**

❑ Other unreimbursed costs or expenditures incurred that are fairly traceable to the Security Incident and are losses that are not already covered by one or more of the normal reimbursement categories

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
|  |  |  |
|  |  |  |

**[UPLOAD DOCUMENTS] Required: Attach a copy of receipts, bank statements, credit card statements, or other proof that you had to pay these fees (you may redact unrelated transactions and all but the first four and last four digits of any account number).**

❑ If you are claiming Extraordinary Out-of-Pocket Losses and you spent between one (1) and three (3) hours of time remedying issues related to the Security Incident on or after September 17, 2022, you may claim reimbursement for Attested Time, in addition to any Attested Time you claimed in Section 3.A above (round down to the nearest hour and check only one box).

  ❑ 1 Hour    ❑ 2 Hours    ❑ 3 Hours

Please provide a brief description of (1) the actions you took in response to the Security Incident; and (2) the time associated with each action:

_____
_____
_____
_____.

**Attestation (You must check the box below to obtain compensation for lost time)**

  ❑ I attest under penalty of perjury that I spent the number of hours claimed above making reasonable efforts to deal with the Data Security Incident.

## 4.   PAYMENT METHOD

**Please select the manner in which payment will be issued for your valid Claims.**

- PayPal*:       ❑   _____ (PayPal Email Address)
- Venmo*:        ❑   _____ (Venmo Email Address)
- Zelle*:        ❑   _____ (Zelle Email Address)
- Paper Check via   ❑
  Mail:

*If you select payment via PayPal, Venmo or Zelle, the email address entered on this form will be used to process the payment to your account linked to that email address. If you do not have a PayPal, Venmo or Zelle account, you will be prompted to open one using the email address entered on this form.

## 5.     CERTIFICATION

The information I have supplied in this Claim Form is true and correct to the best of my recollection and this form was executed on the date set forth below.

I understand that all information provided on this Claim Form is subject to verification and that I may be asked to provide supplemental information by the Claims Administrator before my claim will be considered complete and valid.

Print Name:_____

Signature:_____

Date:_____

Once you've completed all applicable sections, please mail this Claim Form and all required supporting documentation to the address provided below, postmarked by _____, **2024**.

[INSERT CLAIMS ADMINISTRATOR
MAILING INFORMATION]

29985v2

# **EXHIBIT B**

## Notice of Proposed Settlement of Class Action

**If Five Guys Enterprises, LLC ("Five Guys") sent you a Notice of Security Incident that it announced on or around December 29, 2022, you may be eligible for a <u>cash payment</u> and free credit monitoring in a class action settlement.**

A settlement has been reached in a class action lawsuit about a security incident that occurred in or about September 2022, which potentially exposed personally identifiable information ("PII") of current and former employees of Five Guys and likely a small number of dependents or beneficiaries and independent contractors (the "Security Incident"). The lawsuit alleges that Five Guys was responsible for the Security Incident because it did not take appropriate care to protect PII from unauthorized disclosure. Five Guys denies the claims and denies any wrongdoing.

**Five Guys' records show you are likely a member of the Settlement Class.** If the Court approves the settlement, individuals to whom Five Guys sent notice of the Security Incident that it announced on or around December 29, 2022, may submit a claim for two years of free identity theft protection and credit monitoring services and may also submit a claim for **cash** benefits, including one or more of: (i) a cash payment of **$150**; (ii) if you are a resident of California, an **additional** cash payment of **$100**; (iii) reimbursement of up to **$400** for unreimbursed "ordinary" out-of-pocket losses fairly traceable to the Security Incident and time spent remedying issues related to the Security Incident (instead of the $150 cash payment); and/or (iv) reimbursement of up to **$6,500** for unreimbursed "extraordinary" out-of-pocket losses fairly traceable to the Security Incident and time spent remedying issues related to the Security Incident (instead of the $150 cash payment). The total settlement fund for this matter is in the amount of $700,000. The Settlement Fund will be used to pay for: (1) reimbursement for Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time; (2) Alternative Cash Payments; (3) California Statutory Payments; (4) Credit Monitoring Services; (5) notice and administration costs; (6) service award payments approved by the Court; and (7) attorneys' fees and expenses awarded by the Court. The cash benefit payments are subject to a pro rata (proportional) adjustment depending upon the number of valid claims filed.

You must file a Claim Form to receive a cash payment and/or the identity theft protection and credit monitoring services. You can file a claim online or download a Claim Form at www.SettlementURL.com and mail it, or you may call X-XXX-XXX-XXXX and ask that a Claim Form be mailed to you. The claim deadline is **Month 00, 2024.** You must use the following Notice ID and Confirmation Code to file a Claim Form to verify your identity as a member of the Settlement Class:

Notice ID:    <<Notice ID>>        Confirmation Code:  <<Code>>

**Other Options.** If you do not want to be legally bound by the settlement, you must exclude yourself by **Month 00, 2024.** If you stay in the settlement, you may object to it by **Month 00, 2024.** A more detailed notice is available to explain how to exclude yourself or object at www.MetromileSettlement.com or call 1-833-222-9383 to request a copy of the more detailed notice.

On **Month 00, 2024, at 00:00 _.m**. the Court will hold a hearing on whether to approve the settlement, Class Counsel's request for attorneys' fees of $231,000.00 and reimbursement of costs and expenses of up to $20,000.00, and service awards of up to $2,500 for each of the four Representative Plaintiffs. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to.

***This is only a summary***. For detailed information visit **www.SettlementURL.com** or call **1-000-000-0000**. You may contact the Claims Administrator at Five Guys Enterprises Settlement, c/o Claims Administrator, P.O. Box 0000, City, State, Zip.

**<u>EXHIBIT C</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

## If Five Guys Enterprises, LLC ("Five Guys") sent you a Notice of Security Incident that it announced on or around December 29, 2022, you may be eligible for a <u>cash payment</u> in a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit about a security incident that occurred in or around September 2022, which potentially exposed personally identifiable information ("PII") of current and former employees of Five Guys and likely a small number of dependents or beneficiaries and independent contractors (the "Security Incident"). A lawsuit was filed against Five Guys, alleging that it did not take appropriate care to protect these individuals from the Security Incident. Five Guys denies all of the Plaintiffs' claims in the lawsuit and maintains it did not do anything wrong but has agreed to settle the case to avoid the expense and burdens of litigation.

- The settlement includes all Persons to whom Five Guys sent notice of the Security Incident that it announced on or around December 29, 2022 ("Settlement Class Members").

- The settlement allows individuals to whom Five Guys sent notice of the Security Incident to request a **$150** cash payment **or** reimbursement of out-of-pocket expenses fairly traceable to the Security Incident and compensation for time spent remedying issues related to the Security Incident (up to **$400** for ordinary expenses and up to **$6,500** for extraordinary losses such as fraud or identity theft). California residents to whom Five Guys sent notice of the Security Incident are allowed to request an <u>additional</u> cash payment of **$100**. The total settlement fund for this matter is in the amount of $700,000. The Settlement Fund will be used to pay for: (1) reimbursement for Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time; (2) Alternative Cash Payments; (3) California Statutory Payments; (4) Credit Monitoring Services; (5) notice and administration costs; (6) service award payments approved by the Court; and (7) attorneys' fees and expenses awarded by the Court. The cash benefit payments are subject to pro rata (proportional) adjustment, depending upon the number of valid claims filed.

- You must use the Notice ID and Confirmation Code received with your postcard or email notification to verify your identity as a Settlement Class Member. If for some reason you did not receive this information, but believe you are a Settlement Class Member, please call 1-XXX-XXX-XXXX to verify your identity and receive further information on how to file a claim.

- The settlement also provides Settlement Class Members with two years of identity theft protection and credit monitoring services. You must file a claim to receive this benefit.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| Submit a Claim | The only way to get identity theft protection and credit monitoring services and/or a cash payment. You must submit a claim by **Month Day, 2024.** |
| Ask to be Excluded | Get no payment or identity theft protection and credit monitoring services. The only option that allows you to sue Five Guys over the claims resolved by this settlement. You must exclude yourself by **Month Day, 2024.** |

| Object | Write to the Court about what you do not like about the settlement. You must object by **Month Day, 2024.** |
|---|---|
| Do Nothing | Get no payment or identity theft protection and credit monitoring services. Give up rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the settlement. Payments will only be made after the Court grants final approval of the settlement and after any appeals are resolved.

Questions? Call 1-###-###-#### or visit  www.[website URL].com.

-2-

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION...................................................................................... Page __
1. Why was this Notice issued?
2. What is this lawsuit about?
3. Why is this lawsuit a class action?
4. Why is there a settlement?

WHO IS IN THE SETTLEMENT?........................................................................ Page __
5. How do I know if I am included in the settlement?
6. What if I am not sure whether I am included in the settlement?

THE SETTLEMENT BENEFITS........................................................…... Page __
7. What does the settlement provide?
8. What payments are available for individuals who incurred "ordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident? ................................................................... Page __
9. What payments are available for individuals who incurred "extraordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident? ......................................................…....... Page __
10. What payments are available for individuals who would prefer a cash payment in lieu of making a claim for reimbursement of "ordinary" and/or "extraordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident? ................................................................….. Page __
11. What additional payments are available for residents of California? ................... Page __
12. What identity theft protection and credit monitoring services are available? .......... Page __

HOW TO GET BENEFITS................................................................................. Page __
13. How do I get benefits?
14. How will claims be decided?

REMAINING IN THE SETTLEMENT........................................................ Page __
15. Do I need to do anything to remain in the settlement?
16. What am I giving up as part of the settlement?

EXCLUDING YOURSELF FROM THE SETTLEMENT....................................... Page __
17. If I exclude myself, can I get a payment from this settlement?
18. If I do not exclude myself, can I sue Five Guys for the same thing later?
19. How do I exclude myself from the settlement?

THE LAWYERS REPRESENTING YOU....................................................... Page __
20. Do I have a lawyer in this case?
21. How will the lawyers be paid?

OBJECTING TO THE SETTLEMENT........................................................Page __
22. How do I tell the Court that I do not like the settlement?
23. What is the difference between objecting and asking to be excluded?

THE COURT'S FAIRNESS HEARING........................................................Page __
24. When and where will the Court decide whether to approve the settlement?
25. Do I have to attend the hearing?

26. May I speak at the hearing?

IF YOU DO NOTHING………………………………………………………………… Page __
27. What happens if I do nothing?

GETTING MORE INFORMATION………………………………………………….. Page __
28. How do I get more information?

Questions? Call 1-###-###-#### or visit  www.[website URL].com.

-4-

## BASIC INFORMATION

### 1. Why was this Notice issued?

The Court authorized this notice because you have a right to know about the proposed settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the settlement.

This matter involves a lawsuit styled *Brittany May, et al. v. Five Guys Enterprises, LLC*, in the United States District Court for the Eastern District of Virginia, Case No. 1:23-cv-00029. The persons who sued are called the Plaintiffs. Five Guys is called the Defendant.

### 2. What is this lawsuit about?

The lawsuit claims that Five Guys ("Defendant") was responsible for the Security Incident and asserts claims for negligence, breach of implied contract, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), declaratory judgment, negligence *per se*, violation of the Virginia data breach notification law, unjust enrichment, and violation of the California Consumer Privacy Act. The lawsuit seeks compensation for people to whom Five Guys sent notice of the Security Incident.

Five Guys denies all of the Plaintiffs' claims and maintains it did not do anything wrong.

### 3. Why is this lawsuit a class action?

In a class action, one person called the "Representative Plaintiff" sues on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members." In this case, the Representative Plaintiffs are Brittany May, Erika Ranck, Lauren Turner, and Stephen Thomas. One Court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?

By agreeing to settle, both sides avoid the cost and risk of a trial, and people who submit valid timely claims will get compensation. The Representative Plaintiffs and their attorneys believe the settlement is fair, reasonable, and adequate and, thus, best for the Settlement Class and its members. The settlement does NOT mean that Five Guys did anything wrong.

## WHO IS IN THE SETTLEMENT?

### 5. How do I know if I am included in the settlement?

You are included in the Settlement Class if Five Guys sent you notice of the Security Incident that it announced on or around December 29, 2022.

Excluded from the Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges'

respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and their successors and assigns; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Security Incident or who pleads nolo contendere to any such charge.

**6.  What if I am not sure whether I am included in the settlement?**

If you are not sure whether you are included in the settlement, you may call 1-XXX-XXX-XXXX with questions or visit [WEBSITE]. You may also write with questions to Five Guys Claims Administrator, PO Box XXXX, City, State zip code. Please do not contact the Court with questions.

# THE SETTLEMENT BENEFITS

**7.  What does the settlement provide?**

The settlement will provide identity theft protection and credit monitoring services to all Settlement Class Members who choose to enroll by submitting a valid and timely claim for such services. The settlement will also provide cash payments to people who submit valid and timely claims.

There are four types of general payments that are available to Class Members:

> (1) A cash payment of approximately $150, subject to a *pro rata* (proportional) adjustment depending upon the number of valid claims filed (Question 10);

> (2) An additional cash payment of approximately $100 for California residents, subject to a *pro rata* (proportional) adjustment depending upon the number of valid claims filed (Question 11);

> (3) Reimbursement of up for $400.00 for "ordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident (instead of the approximately $150 cash payment) subject to a *pro rata* (proportional) adjustment depending upon the number of valid claims filed (Question 8);

> (4) Reimbursement of up to $6,500.00 for "extraordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident (instead of the approximately $150 cash payment) subject to a *pro rata* (proportional) adjustment depending upon the number of valid claims filed (Question 9);

You must provide proof of your Settlement Class membership when filing a claim by providing the unique Notice ID and Confirmation Code on the notice you received by postcard or e-mail. If for some reason you did not receive this information, but believe you are a Settlement Class Member, please call 1-XXX-XXX-XXXX to verify your identity and receive further information on how to file a claim.

Questions? Call 1-###-###-#### or visit  www.[website URL].com.

-6-

If you provide a bill or payment card statement as part of required proof for any part of your claim, you may redact unrelated transactions and all but the last four digits of any account number. In order to claim each type of payment, you must provide related documentation with the Claim Form, and the expense for which you are submitting a claim form cannot have been reimbursed through any other source.

The settlement also includes identity theft protection and credit monitoring services for a period of 2 years from the effective date of the settlement.

Finally, as part of the settlement, Five Guys has agreed, for a period of 3 years, to pay for, implement and continue specified business practices related to information and network security. More details are provided in the Settlement Agreement, which is available at [WEBSITE].

### 8. What payments are available for individuals who incurred "ordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident?

Settlement Class Members who incurred "ordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident may make a claim for up to $400.00 per Settlement Class Member.

"Ordinary" out-of-pocket losses are unreimbursed costs or expenditures incurred by a Settlement Class Member that were incurred after September 17, 2022 as result of the Security Incident, and may include, without limitation, the following:

- costs incurred on or after September 17, 2022 associated with accessing or freezing/unfreezing credit reports with any credit reporting agency;
- miscellaneous expenses incurred related to any Out-of- Pocket Loss such as notary, fax, postage, copying, mileage, bank, and long-distance telephone charges;
- unpaid time off work to address issues fairly traceable to the Security Incident at the actual hourly rate of that Settlement Class Member; and
- credit monitoring or other mitigative costs that were incurred on or after September 17, 2022.

Class members with Ordinary Out-of-Pocket Losses may also submit a claim for up to 4 hours of time spent remedying issues related to the Security Incident at a rate of $25 per hour by providing an attestation and a brief description of (1) the actions taken in response to the Security Incident and (2) the time associated with each action. Cash payments are subject to a *pro rata* (proportional) adjustment depending upon the number of valid claims filed.

### 9. What payments are available for individuals who incurred "extraordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident?

Class Members who incurred "extraordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident may make a claim for up to $6,500.00 per Class Member.

"Extraordinary Out-of-Pocket Losses" are unreimbursed losses, costs or expenditures incurred by a Settlement Class Member that are fairly traceable to the Security Incident, and are losses that are not already covered by one or more of the normal reimbursement categories. Extraordinary Out-of-Pocket Losses may include, without limitation, the unreimbursed costs, expenses, losses or

Questions? Call 1-###-###-#### or visit www.[website URL].com.

-7-

charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of the Settlement Class Member's personal information.

Class Members with Extraordinary Out-of-Pocket Losses may also submit a claim for up to 3 additional hours of time spent remedying issues related to the Security Incident at a rate of $25 per hour by providing an attestation and a brief description of (1) the actions taken in response to the Security Incident and (2) the time associated with each action. Cash payments are subject to a *pro rata* (proportional) adjustment depending upon the number of valid claims filed.

**10.  What payments are available for individuals who would prefer a cash payment in lieu of making a claim for reimbursement of "ordinary" and/or "extraordinary" out-of-pocket losses?**

Class Members may elect to receive a cash payment of approximately $150 in lieu of making a claim for reimbursement of "ordinary" and/or "extraordinary" out-of-pocket losses fairly traceable to the Security Incident and/or spent time remedying issues related to the Security Incident. This cash payment is subject to *pro rata* increase or decrease, depending upon the number of valid claims submitted.

**11.  What additional payments are available for residents of California?**

Class Members who reside in California may also make a claim for an additional cash payment of approximately $100, subject to *pro rata* increase or decrease, depending upon the number of valid claims submitted.

## HOW TO GET BENEFITS

**12.  How do I get benefits?**

To ask for a payment and request identity theft protection and credit monitoring services you must complete and submit a Claim Form. Claim Forms are available at [WEBSITE], or you may request one be sent to you by mail by calling [PHONE #]. Read the instructions carefully, fill out the Claim Form, and submit it online at [WEBSITE] or mail it postmarked no later than **Month Day, 2024** to:

Five Guys Claims Administrator
PO Box XXXXX
City, State zip code

**13.  How will claims be decided?**

The Claims Administrator will decide in their professional judgment whether the information provided on a Claim Form is complete, timely and valid. The Claims Administrator may require additional information from any claimant. If the required information is not timely provided, the claim will be considered invalid and will not be paid.

## REMAINING IN THE SETTLEMENT

**14.  Do I need to do anything to remain in the settlement?**

Questions? Call 1-###-###-#### or visit  www.[website URL].com.

-8-

You do not have to do anything to remain in the settlement, but if you want a payment and to request identity theft protection and credit monitoring services you must submit a Claim Form postmarked by **Month Day, 2024**.

### 15. What am I giving up as part of the settlement?

If the settlement becomes final, you will give up your right to sue for the claims being resolved by this settlement. The specific claims you are giving up are described in Section 1.25 of the Settlement Agreement. You will be "releasing" Five Guys and all related people or entities as described in Sections 1.24 and 1.26 of the Settlement Agreement. The Settlement Agreement is available at [WEBSITE].

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to one of the attorneys listed in Question 19 for free or, you can, of course, talk to your own lawyer at your own expense if you have questions about what this means.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment and the benefits from this settlement, but you want to keep the right to sue Five Guys about issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself from – or is sometimes referred to as "opting out" of – the Settlement Class.

### 16. If I exclude myself, can I get a payment from this settlement?

No. If you exclude yourself, you will not be entitled to any benefits of the settlement, but you will not be bound by any judgment in this case.

### 17. If I do not exclude myself, can I sue Five Guys for the same thing later?

No. Unless you exclude yourself, you give up any right to sue for the claims that this settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you exclude yourself, do not submit a Claim Form to ask for a payment or to request identity theft protection and credit monitoring services.

### 18. How do I exclude myself from the settlement?

To exclude yourself, send a letter that says you want to be excluded from the settlement in the lawsuit styled, *Brittany May, et al. v. Five Guys Enterprises, LLC*, in the United States District Court for the Eastern District of Virginia, Case No. 1:23-cv-00029. Include your name, address, and signature. You must mail your Exclusion Request postmarked by **Month Day, 2024**, to:

Five Guys Settlement Exclusions
PO Box XXXXX
City, State zip code

Questions? Call 1-###-###-#### or visit www.[website URL].com.

# THE LAWYERS REPRESENTING YOU

## 19. Do I have a lawyer in this case?

Yes. The Court appointed the following lawyers as "Class Counsel": Ryan D. Maxey of Maxey Law Firm, P.A., 107 N. 11th St. #402, Tampa, Florida 33602, (813) 448-1125; David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC, 5335 Wisconsin Ave., NW, Suite 440, Washington, D.C., 20015, (866) 252-0878; and M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation, 865 Howe Ave., Sacramento, CA 95825, (916) 239-4778.

You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 20. How will the lawyers be paid?

Class Counsel will request the Court's approval of an award for attorneys' fees of up to $231,000.00 and reasonable costs and expenses of up to $20,000. Class Counsel will also request approval of service awards of $2,500 for each of the four Representative Plaintiffs.

# OBJECTING TO THE SETTLEMENT

## 21. How do I tell the Court that I do not like the settlement?

You can object to the settlement if you do not like it or some part of it. The Court will consider your views. To do so, you must **file** a written objection in this case, *Brittany May v. Five Guys Enterprises, LLC*, in the United States District Court for the Eastern District of Virginia, Case No. 1:23-cv-00029, with the Clerk of the Court at the address below.

Your objection must include all of the following:

- the name and case number of this Litigation;
- your full name, address, telephone number, and e-mail address (if any);
- information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class, which is described in response to Question 5 (examples include the notice of this settlement you received by mail or by email or notice of the Security incident you received from Five Guys);
- a written statement of all grounds for the objection, accompanied by any legal support for the objection that you believe is applicable;
- the identity of all counsel representing you, if any, in connection with your objection;
- a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing;
- a statement identifying all class action settlements you objected to in the previous 5 years; and

- your signature or the signature of your duly authorized attorney or other duly authorized representative, if any.

To be timely, your objection must be electronically **filed** with the Clerk of the Court no later than **Month Day, 2024**, or mailed first-class postage prepaid to the Clerk of the Court for the United States District Court for the Eastern District of Virginia postmarked no later than **Month Day, 2024**.

In addition, you must serve Class Counsel and Defense Counsel through the Court's electronic filing system (if filed electronically) or via U.S. Mail (if mailed to the Clerk of Court), postmarked no later than **Month Day, 2024**:

| Court | Class Counsel | Five Guys' Counsel |
|---|---|---|
| Clerk of the Court<br>Albert V. Bryan U.S. Courthouse<br>401 Courthouse Square<br>Alexandria, VA 22314 | Ryan D. Maxey<br>MAXEY LAW FIRM, P.A.<br>107 N. 11TH ST. #402<br>Tampa, Florida 33602<br><br>David K. Lietz<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>5335 Wisconsin Ave., NW, Suite 440<br>Washington, D.C. 20015<br><br>M. Anderson Berry<br>CLAYEO C. ARNOLD,<br>A PROFESSIONAL CORP.<br>865 Howe Avenue<br>Sacramento, CA 95825 | Elizabeth Scully<br>BAKER HOSTETLER<br>1050 Connecticut Avenue, N.W., Suite 1100<br>Washington, DC 20036-5403 |

## 22. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the settlement and why you do not think it should be approved. You can object only if you do not exclude yourself from the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

## 23. When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at __:__ _ on **Month Day, 2024**, at the United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, Courtroom TBD (or by Zoom if the Court so orders)

Questions? Call 1-###-###-#### or visit www.[website URL].com.

-11-

to consider whether the settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for service awards for the Representative Plaintiffs. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check [WEBSITE] or call [PHONE #].

## 22. Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time with the Court and served it according to the instructions provided in Question 21, the Court will consider it.

## 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file an objection according to the instructions in Question 21, including all the information required therein. Your Objection must be **filed** with the Clerk of Court for the United States District Court for the Eastern District of Virginia by e-filing it or mailing it in or postmarked no later than **Month Day, 2024**. In addition, you must serve a copy of your objection on both Class Counsel and Defense Counsel listed in Question 21, either through the Court's ECF filing and notification system or by mail, postmarked no later than **Month Day, 2024**.

# IF YOU DO NOTHING

## 25. What happens if I do nothing?

If you do nothing, you will get no benefits from this settlement. Unless you exclude yourself, after the settlement is granted final approval and the judgment becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit about the legal issues in this case ever again against Five Guys or any related people or entities as described in Sections 1.24 and 1.26 of the Settlement Agreement. The Settlement Agreement is available at [WEBSITE].

# GETTING MORE INFORMATION

## 26. How do I get more information?

This Notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement at [WEBSITE]. You may also write with questions to the Claims Administrator, P.O. Box XXXXX, City, State Zip. You can also get a Claim Form at the website, or by calling the toll-free number, [PHONE].

# **EXHIBIT D**

# THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

BRITTANY MAY, ERIKA RANCK,
LAUREN TURNER, and STEPHEN
THOMAS, on behalf of themselves and all
others similarly situated,

     Plaintiffs,

     v.

FIVE GUYS ENTERPRISES, LLC,

     Defendant.

Case No.: 1:23-cv-00029

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is Plaintiffs' Unopposed Motion to for Preliminary Approval of Class Action Settlement (Doc. ___), the terms of which are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit A to Plaintiffs' motion (the "Settlement Agreement").[1] Having fully considered the issue, the Court hereby GRANTS the motion and orders as follows:

1. **Class Certification for Settlement Purposes Only**. The Settlement Agreement provides for: (i) a Settlement Class consisting of individuals to whom Defendant sent notice of the Security Incident that Defendant announced on or around December 29, 2022; and (ii) a California Settlement Class consisting of individuals who reside in California, defined as follows:

> Settlement Class: All individuals to whom Defendant sent notice of the Security Incident.

> California Settlement Class: All Settlement Class Members who reside in California.

Excluded from the Settlement Class and the California Settlement Class are: (1) the Judge and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and

---

[1] All capitalized terms herein have the same definitions as set forth in the Settlement Agreement.

immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Security Incident or who pleads nolo contendere to any such charge.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; b) there are issues of law and fact that are common to the Settlement Class; c) the claims of the Representative Plaintiffs are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; d) the Representative Plaintiffs will fairly and adequately protect the interests of the Settlement Class as the Representative Plaintiffs have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

2.   **Class Representatives and Class Counsel**. The Court finds that the Representative Plaintiffs will likely satisfy the requirements of Rule 23(e)(2)(A) and be appointed

as the Class Representatives. Additionally, the Court finds that Proposed Class Counsel, Ryan D. Maxey of Maxey Law Firm, P.A.; David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; and M. Anderson Berry of Clayeo C. Arnold, A Professional Corp., will likely satisfy the requirements of Rule 23(e)(2)(A) and are appointed as Class Counsel pursuant to Rule 23(g)(1).

3.   **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the settlement is fair, reasonable, and adequate to warrant providing notice of the settlement to the Settlement Class and accordingly it is preliminarily approved. In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiffs' claims, the stage of the proceedings at which the settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, and all of the other factors required by Rule 23.

4.   **Jurisdiction.** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), and personal jurisdiction over the Parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

5.   **Final Fairness Hearing.** A Final Fairness Hearing shall be held on _____ _____, 2024, at _____ [via telephone or videoconference or in-person at the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, Courtroom TBD], to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the settlement should be approved as fair, reasonable and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the releases set forth in the

Settlement Agreement; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (e) the application of the Class Representatives for service awards should be approved.

6.    **Claims Administrator**. The Court appoints Angeion Group as the Claims Administrator, with responsibility for class notice and claims administration. The Claims Administrator is directed to perform all tasks the Settlement Agreement reasonably requires in effectuating the Notice, Notice Program, and Claims Administration. The Claims Administrator's fees will be paid out of the Settlement Fund pursuant to the Settlement Agreement.

7.    **Notice**. The proposed method for providing notice set forth in the Settlement Agreement and the Claim Form, Short Form Notice, and Long Form Notice attached to the Settlement Agreement as Exhibits A, B, and C, respectively, are hereby approved. Non-material modifications to these Exhibits may be made with approval by the Parties but without further order of the Court.

8.    **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving notice to the Settlement Class as described in the Settlement Agreement and exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed settlement, and their rights under the proposed settlement, including but not limited to their rights to object to or exclude themselves from the proposed settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; and (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c) and (e), and the Due Process Clause of the United States Constitution.

The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by class members.

The Claims Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

**Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must mail a written request for exclusion to the Claims Administrator at the address and in the manner and within the time provided in the Notice. Such requests for exclusion must meet the opt-out deadline established by this Order and stated in the Notice. Any member of the Settlement Class who does not properly and timely opt-out of the settlement shall, upon entry of the Final Approval Order and Judgment, be bound by all the terms and provisions of the Settlement Agreement, whether or not such Settlement Class Member objected to the settlement and whether or not such Settlement Class Member received consideration under the Settlement Agreement.

A request for exclusion must be in writing and: (a) state the name of this proceeding (*Brittany May, et al. v. Five Guys Enterprises, LLC*, in the United States District Court for the Eastern District of Virginia, Case No. 1:23-cv-00029, or similar identifying words such as "Five Guys Enterprises Security Incident Lawsuit"); (b) state the name and address of the Settlement Class Member seeking exclusion; (c) state "Request for Exclusion" or words communicating the person's request for exclusion from the Settlement Class; and (d) must be signed by the Settlement Class Member.

A request for exclusion that does not include the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked by the Opt-Out Date  shall be invalid and the Settlement Class Member serving such a request shall, if the Final

Approval Order and Judgment is entered, be considered a Settlement Class Member and shall be bound by any judgment entered herein with respect to the Settlement Class.

The Claims Administrator shall forward a list of all requests for exclusion to Class Counsel and to Defendant's Counsel within 7 days of the Opt-Out Date.

If the Final Approval Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written request for exclusion from the Settlement Class shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment. Settlement Class Members who submit valid and timely requests for exclusion shall not be entitled to receive any benefits from the settlement.

Upon entry of the Final Approval Order and Judgment all members of the Settlement Class who have not personally, validly, and timely requested to be excluded from the Settlement Class will be enjoined from proceeding against the Released Persons under the Settlement Agreement with respect to the Release Claims.

9.      **Objections and Appearances**. Any Settlement Class Member who does not elect to be excluded from the Settlement Class may object to the settlement, Class Counsel's request for fees and expenses, and/or the request for service award payments to the Representative Plaintiffs; provided, however, that no Settlement Class Member shall be heard or entitled to contest such matters, unless the objection is: (a) electronically filed by the Objection Date; or (b) mailed first-class postage prepaid to the Clerk of Court, at the address listed in the Notice, and postmarked by no later than the Objection Date, as specified in the Notice. For the objection to be considered by the Court, the objection must be in writing and include:

(a)     the name or caption of this Litigation;

(b)     the objector's full name, address, telephone number, and e-mail address (if any);

(c)    information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class;

(d)    a written statement of all grounds for the objection, accompanied by any legal support for the objection that the objector believes is applicable;

(e)    the identity of all counsel representing the objector, if any, in connection with the objection;

(f)    a statement confirming whether the objector and/or the objector's counsel will appear and/or testify at the Final Fairness Hearing;

(g)    a statement identifying all class action settlements objected to by the objector in the previous 5 years; and

(h)    the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative, if any.

Any Settlement Class Member who fails to comply with the provisions in this Order and/or fails to timely file and serve an objection in writing in accordance with this Order and the Settlement Agreement will waive and forfeit any and all rights they may have to object, will have their objection stricken from the record, and will lose their rights to appeal from approval of the settlement. Any such Settlement Class Member also shall be bound by all subsequent proceedings, orders, and judgments in this action, including but not limited to the Release set forth in the Final Approval Order and Judgment if entered.

10.    **Claims Process**. The Settlement Agreement contemplates the establishment of a claims process. As set forth in the Settlement Agreement, Five Guys shall fund a non-reversionary cash settlement fund in the amount of $700,000 for the benefit of Settlement Class Members (the "Settlement Fund"). The Settlement Fund will be used to pay for: (1) reimbursement for Ordinary and/or Extraordinary Out-of-Pocket Losses and Attested Time; (2) alternative cash payments; (3) California Statutory Payments; (4) Credit Monitoring Services; (5) notice and administration costs; (6) service award payments approved by the Court; and (7) attorneys' fees and expenses awarded by the Court. The Court preliminarily approves this process and directs the Claims Administrator to make the Claim Forms or its substantial equivalent available to Settlement Class Members in

the manner specified in the Notice.

The Claims Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects by subject to and bound by the provisions in the Final Approval Order and Judgment, including the release.

11.   **Termination of Settlement**. This Order, the Settlement Agreement, the proposed settlement, and all related proceedings shall become null and void, shall have no further force or effect, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before the Settlement Agreement was signed, if: a) the settlement is not finally approved by the Court; b) the Settlement Agreement and the proposed settlement are terminated in accordance with the applicable provisions of the Settlement Agreement; or c) there is no Effective Date. In such event, the settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, relating to the settlement shall be used or referred to for any purpose whatsoever, including but not limited to arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are or ever were satisfied for purposes of this litigation. The Litigation shall thereupon revert forthwith to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and all other related orders and papers had not been executed and

Defendant's response to the Complaint shall be due within thirty days of the Settlement being terminated.

12.     **Use of Order**. This Order shall be of no force or effect if the Final Approval Order and Judgment is not entered or there is no Effective Date. Neither this Order nor the Settlement Agreement nor any other settlement-related document nor anything contained herein or therein or contemplated hereby or thereby nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other settlement-related document, shall constitute, be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability for any claim that has been or could have been asserted against it or as to any liability by it as to any matter set forth in this Order, or as to the propriety of class certification for any purposes other than for purposes of the current proposed settlement. Nor shall this Order be construed or used as an admission, concession, or declaration by or against any Representative Plaintiff or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

13.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Claims Administrator. The Court may approve the settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

14.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the

specified actions/further proceedings:

| Event | Timing |
|---|---|
| Deadline for Defendant to provide Settlement Class List to Claims Administrator pursuant to the Settlement Agreement | [7 days after entry of this Order] |
| Notice Program Commencement ("Class Notice Date") | [30 days after entry of this Order] |
| Notice Program Completion | [60 days after entry of this Order] |
| Deadline for Class Counsel to file motion for attorneys' fees, costs, expenses and service awards | [21 days before Objection Deadline and Opt-Out Deadline] |
| Objection Deadline | [90 days after the Class Notice Date] |
| Opt-Out Deadline | [90 days after the Class Notice Date] |
| Claims Deadline | [90 days after the Class Notice Date] |
| Deadline for Plaintiffs to file motion for final approval of settlement and responses to any timely submitted Class member objections, which shall include a declaration from the Claims Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely requests for exclusion | [21 days prior to Final Approval hearing] |
| Final Fairness Hearing | _____, 2024 at __:__ __.m. in Courtroom ____ <br> [No earlier than (i) 100 days after Defendant notifies the appropriate government officials pursuant to Class Action Fairness Act, 28 U.S.C. § 1715(d) or (ii) 60 days after the Claims Deadline, whichever is later] |

**DONE AND ORDERED** in Alexandria, Virginia on this __ day of _____, 2023.

_____

**HON. CLAUDE M. HILTON**
**SENIOR UNITED STATES DISTRICT JUDGE**

# EXHIBIT E

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

BRITTANY MAY, ERIKA RANCK,
LAUREN TURNER, and STEPHEN
THOMAS, on behalf of themselves and all
others similarly situated,

      Plaintiffs,

      v.

FIVE GUYS ENTERPRISES, LLC,

      Defendant.

Case No.: 1:23-cv-00029

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

Before the Court are Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (the "Final Approval Motion")[1] (ECF No. ___), and Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (the "Fees, Costs, and Service Awards Motion") (ECF No. ___). Having fully considered the issues, the Court hereby **GRANTS** both the Final Approval Motion and the Fees, Costs, and Service Awards Motion and orders as follows:

Pursuant to the notice requirements set forth in the Settlement Agreement and in the Court's _____ Order Granting Plaintiff's Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out or object, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, *inter alia*: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered

---

[1] The terms of the settlement are set forth in a Settlement Agreement with accompanying exhibits attached as Exhibit A to Plaintiffs' Unopposed Motion to Direct Class Notice and Grant Preliminary Approval of Class Action Settlement (ECF No. ___) (the "Settlement").

dismissing this Action with prejudice.

A Final Fairness Hearing was held on _____. Prior to the Final Fairness Hearing, on _____, Plaintiffs filed the Fees, Costs, and Service Awards Motion, and on _____, Plaintiffs filed the Final Approval Motion. Counsel for the parties appeared [in person/via Zoom] and presented arguments in support of final approval of the Settlement.

Having heard the presentation of Class Counsel and Defendant's counsel, having reviewed all of the submissions presented with respect to the proposed Settlement, having considered the Fees, Costs, and Service Awards Motion, and having reviewed the materials in support thereof, for the reasons stated on the record during the Final Fairness Hearing and for good cause appearing,

**IT IS HEREBY ORDERED** that:

1.      The Final Approval Motion and the Fees, Costs, and Service Awards Motion are **GRANTED** as stated herein.

2.      The Settlement, including the exhibits attached thereto, is approved as fair, reasonable, and adequate, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. This Final Approval Order and Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meaning as set forth in the Settlement Agreement unless otherwise set forth in this Order.

3.      Jurisdiction: The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all parties thereto, including the Settlement Class.

4.      The Settlement is Fair, Reasonable, and Adequate: The Court finds that the Settlement was entered into by the parties for the purpose of settling and compromising disputed claims, and is fair, reasonable, and adequate, and in the best interests of all those affected by it. The Settlement Agreement was entered in good faith following informed, arm's-length

2

negotiations conducted by experienced counsel with the assistance of a well-respected mediator, and is non-collusive.

5.      Class Certification for Settlement Purposes Only: For purposes of the Settlement only, the Court finds and determines that the Action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and that: (a) the Settlement Class certified herein is sufficiently numerous, as it includes approximately 37,922 people, and joinder of all such persons would be impracticable; (b) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) a class action on behalf of the Settlement Class is superior to other available means of adjudicating this dispute; and (e) as set forth below, Plaintiffs and Class Counsel are adequate representatives of the Settlement Class. The proposed Class satisfies all of Rule 23's requirements, so the Court will finally certify the Settlement Class. Defendant retains all rights to assert that this action may not be certified as a class action, other than for settlement purposes.

6.      Class Definition: The Court hereby certifies, for settlement purposes only: (i) a Settlement Class consisting of individuals to whom Defendant sent notice of the Security Incident that Defendant announced on or around December 29, 2022; and (ii) a California Settlement Class consisting of individuals who reside in California, defined as follows:

> Settlement Class: All individuals to whom Defendant sent notice of the Security Incident.

> California Settlement Class: All Settlement Class Members who reside in California.

> Excluded from the Settlement Class and the California Settlement Class are: (1) the Judge

and Magistrate Judge presiding over the Lawsuits, any members of the Judges' respective staffs, and immediate members of the Judges' respective families; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from and/or opt-out of the Settlement Class and the successors and assigns of any such excluded persons; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Security Incident or who pleads nolo contendere to any such charge

7.     Class Notice: The approved Notice Program provided for a copy of the Short Form Notice be mailed to all members of the Class who have been identified by Defendant through its records with a mailing address, and additional notice via the Long Form Notice posted on the Settlement Website for those whose mailing addresses were not available within Defendant's records. For mailed notices returned with a forwarding address, the Settlement Administrator mailed Short Form Notices to the forwarding addresses. The Settlement Administrator maintained the Settlement Website, which provided information about the Settlement, including copies of relevant Court documents, the Settlement Agreement, the Long Form Notice, and the Claim Form. The Settlement Administrator also maintained a toll-free help line for Settlement Class Members to call with settlement-related inquiries, with the option to leave a message and request a call back, with such calls being returned within twenty-four (24) hours, and answering the questions of Settlement Class Members who call with or otherwise communicate such inquiries.

8.     Findings Concerning Notice: The Court finds and determines that the Notice Program, preliminarily approved on _____, and implemented on _____, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the

4

requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Program involved direct notice via mail and the Settlement Website providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the notices are written in plain language and are readily understandable by Settlement Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.

9.      Appointment of Class Representatives: The Court appoints Plaintiffs Brittany May, Erika Ranck, Lauren Turner, and Stephen Thomas as Class Representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a).

10.     Appointment of Class Counsel: The Court appoints Plaintiffs' attorneys Ryan D. Maxey of Maxey Law Firm, P.A.; David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC; and M. Anderson Berry of Clayeo C. Arnold, A Professional Corp. as Settlement Class Counsel.

11.     Exclusion from Class: Any person falling within the definition of the Settlement Class had the opportunity, upon request, to be excluded or "opt out" from the Class. [No one opted to be excluded from the Settlement OR The ____ person(s) who opted to be excluded from the Settlement shall have no rights under the Settlement, shall not share in the distribution of the Settlement benefits, and shall not be bound by the Settlement or any final judgment entered in this Action.]

12.     Objections and Appearances: Any Class Member had the opportunity to enter an

appearance in the Action, individually or through counsel of their own choice. Any Class Member also had the opportunity to object to the Settlement and the attorneys' fees and expenses award and to appear at the Fairness Hearing and show cause, if any, why the Settlement should not be approved as fair, reasonable, and adequate to the Class, why a final judgment should not be entered thereon, why the Settlement should not be approved, or why the attorneys' fees and expenses award should not be granted, as set forth in the Court's Preliminary Approval Order. [There were no objections filed in this case to either the Settlement or the attorneys' fees and expenses award]. Any Settlement Class Member who did not make their objections in the manner and by the date set forth in ¶ ___ of the Court's Preliminary Approval Order shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

13.     Release: Upon the entry of this Order, the Class Representatives and all Class Members, whether or not they have filed a Claim Form within the time provided, shall be permanently enjoined and barred from asserting any claims or causes of action against Defendant and the Released Persons based on, relating to, concerning, or arising from the Security Incident and alleged theft or misuse of Defendant's employees' or prospective employees' PII, and the Class Representatives and all Class Members conclusively shall be deemed to have fully, finally, and forever released any and all such Released Claims.

14.     Attorneys' Fees and Costs: Class Counsel moved for an award of attorneys' fees and litigation expenses on [illegible], which Defendant did not oppose. Class Counsel requested $[illegible] in attorneys' fees and litigation costs. The Court finds that Class Counsel's request for attorneys' fees and costs is fair and reasonable, particularly in light of the results achieved through this litigation as well as the contingent nature of the fee award. Accordingly, Class Counsel are

awarded attorneys' fees and litigation costs in the amount of $&#95;&#95;&#95;&#95;&#95;. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement.

15.     Service Awards: Plaintiffs moved for their Service Awards on &#95;&#95;&#95;&#95;&#95;, which Defendant did not oppose. Plaintiffs each requested a service award of $&#95;&#95;&#95;&#95;&#95;. The Court finds that Plaintiffs' requests for Service Awards are fair and reasonable, particularly in light of the results obtained for the Settlement Class as a direct result of Plaintiffs' willingness to act as class representatives and assist Class Counsel in this litigation. Accordingly, Plaintiffs are each awarded a Service Award in the amount of $&#95;&#95;&#95;&#95;&#95;. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement.

16.     Payment to Settlement Class Members: The Claims Administrator shall make all required payments from the Settlement Fund in accordance with the amounts and the times set forth in the Settlement Agreement, including all payments to Settlement Class Members who submitted an approved claim, for the credit monitoring services, for the attorneys' fees and costs, for the service awards, and for all settlement administration costs.

17.     Funds Held by Settlement Administrator: All funds held by the Settlement Administrator shall be deemed and considered to be *in custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds are distributed pursuant to the Settlement or further order of the Court.

18.     Dismissal with Prejudice: The above-captioned Action is hereby **DISMISSED WITH PREJUDICE**. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorneys' fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement.

19.     Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF

NO. __) and Unopposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards (ECF

NO. __) are **GRANTED** and Final Judgment is hereby entered.

20.     The Clerk is directed to **CLOSE THIS CASE** and **TERMINATE** any pending

motions as **MOOT**.


**DONE AND ORDERED** in Alexandria, Virginia on this __ day of _____, ____.


_____
**HON. CLAUDE M. HILTON**
**SENIOR UNITED STATES DISTRICT JUDGE**